# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JARRELL NEAL** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 15-5390** |
| **DARREL VANNOY, WARDEN** | **SECTION: "G"(3)** |

### ORDER

In this litigation, Petitioner Jarrell Neal ("Petitioner"), a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his conviction for two counts of first-degree murder and the sentence of death on each count.[1] This Court ordered an evidentiary hearing on certain claims raised by Petitioner.[2] Before the Court is Petitioner's "Motion for Leave of Court to Depose the Respondent's Witnesses."[3] Respondent Darrel Vannoy ("Respondent") opposes the motion.[4] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

On May 21, 1998, Petitioner was charged by Indictment with two counts of first degree murder in Jefferson Parish, Louisiana.[5] Petitioner was indicted with his older half-brother, Zannie Neal, and

---

[1] Rec. Doc. 4.

[2] *See* Rec. Docs. 66, 120, 138, 139.

[3] Rec. Doc. 146.

[4] Rec. Doc. 147.

[5] *State v. Neal*, 2000-674 (La. 6/29/01); 796 So.2d 649, 653.

their uncle, Arthur Darby ("Darby").[6] "After Darby turned state's witness and the court severed the brothers' cases," Petitioner was tried by a jury in the Twenty Fourth Judicial District Court.[7] On February 27, 1999, Petitioner was convicted of two counts of first degree murder, and on June 4, 1999, he was sentenced to death.[8] On June 29, 2001, the Louisiana Supreme Court affirmed Petitioner's conviction and sentence.[9] Petitioner filed a petition for writ of certiorari before the United States Supreme Court, which was denied on March 18, 2002.[10] On May 13, 2002, Petitioner's request for rehearing was also denied by the United States Supreme Court.[11]

On May 23, 2002, Petitioner filed a pro se application for post-conviction relief with the state trial court, which was dismissed by the trial court.[12] On October 3, 2003, the Louisiana Supreme Court vacated the trial court's order.[13] The Louisiana Supreme Court found that Petitioner was entitled to post-conviction counsel, and directed the trial court to give Petitioner's counsel the reasonable opportunity to prepare and litigate expeditiously an application for post-conviction relief.[14]

On September 23, 2011, post-conviction counsel supplemented the post-conviction relief application before the state trial court.[15] On October 9, 2013, the state trial court dismissed

---

[6] *Id.* at 652.

[7] *Id.*

[8] *Id.*; Rec. Doc. 4 at 4.

[9] *Neal*, 796 So.2d at 653.

[10] *Neal v. Louisiana*, 535 U.S. 940 (2002).

[11] *Neal v. Louisiana*, 535 U.S. 1075 (2002).

[12] Rec. Doc. 12 at 1.

[13] *State ex rel. Neal v. Cain*, 2002-2258 (La. 10/3/03); 871 So.2d 1071.

[14] *Id.*

[15] Rec. Doc. 12 at 1.

Petitioner's claims.[16] On April 17, 2015, the Louisiana Supreme Court denied Petitioner's related writ application.[17] Petitioner filed a petition for writ of certiorari before the United States Supreme Court, which was denied on January 11, 2016.[18]

Petitioner filed this federal habeas petition on February 10, 2016.[19] Petitioner raises twenty-one grounds for relief: (1) Petitioner's due process rights were violated by the State's suppression of material favorable evidence and impeachment information under *Brady v. Maryland*; (2) the State violated *Napue v. Illinois* by failing to correct false and misleading testimony of state witnesses; (3) trial counsel was ineffective for failing to object to the prosecution's repeated statements to the jury that Arthur Darby's testimony was "the truth;" (4) trial counsel performed ineffectively by failing to impeach Arthur Darby with available impeachment evidence; (5) trial counsel was ineffective for failing to challenge the State's forensic evidence; (6) prosecutorial misconduct violated Petitioner's right to a fair trial; (7) Petitioner's due process rights were violated by the State's improper introduction of other crimes evidence; (8) the State struck multiple qualified African-American jurors under the guise of discriminatory pretext in violation of the Equal Protection Clause; (9) extrajudicial information violated Petitioner's right to a fair trial and to confront the witnesses against him due to counsel's ineffective assistance at voir dire; (10) the trial court impermissibly granted multiple challenges for cause, ensuring that the jury was unconstitutionally biased toward imposing the death penalty; (11) trial counsel was ineffective for failing to investigate and prepare for the guilt phase of

---

[16] *Id.* at 1–2.

[17] *State v. Neal*, 14-KP-0259 (La. 4-17-15), 168 So.3d 391,

[18] *Neal v. Louisiana*, 136 S.Ct. 793 (2016).

[19] Rec. Doc. 4.

trial; (12) Petitioner's right to confrontation was violated by the admission of hearsay evidence at his trial, and trial counsel was ineffective for failing to challenge the hearsay evidence; (13) trial counsel was ineffective for failing to investigate and present powerful and readily-available mitigation evidence; (14) Petitioner's Eighth and Fourteenth amendment rights were violated when the jury was impermissibly told and instructed multiple times that their verdict was not the final determination of Petitioner's sentence; (15) Petitioner's conviction, obtained through improper jury instructions, is a violation of due process and trial counsel was ineffective for failing to object to the jury instruction; (16) Petitioner's death sentence rests on insufficient evidence of the aggravating circumstances; (17) trial counsel was ineffective for failing to challenge and explain the State's evidence of Petitioner's prior criminal history; (18) Petitioner's execution would violate the Eighth Amendment to the United States Constitution; (19) Petitioner's execution is constitutionally excessive; (20) cumulative error caused by ineffective assistance of counsel requires reversal; and (21) cumulative error caused by the State's withholding of favorable material evidence requires reversal.[20] Respondent filed a response to the habeas corpus petition on July 15, 2016.[21]

On November 18, 2016, Petitioner filed a motion requesting leave to file an amendment to the petition for writ of habeas corpus to add a claim that both his trial and post-conviction counsel were ineffective for failing to investigate a key witness, Emmett Taylor ("Taylor"), who could have testified that Arthur Darby admitted that his testimony was not the truth.[22] Respondent opposed the

---

[20] *Id.*

[21] Rec. Doc. 12.

[22] Rec. Doc. 27.

motion.[23]  On May 2, 2017, the Court granted the motion to amend.[24]  On July 1, 2017, Respondent filed a response to the amended petition.[25]

On January 12, 2017, Petitioner filed a "Motion for Evidentiary Hearing."[26]  Petitioner noticed the motion for submission on June 7, 2017.[27]  On April 19, 2017, Respondent filed an opposition to the motion.[28]  On July 19, 2017, with leave of Court, Petitioner filed a reply brief in further support of the motion for an evidentiary hearing.[29]  On August 28, 2017, the Court granted Petitioner's motion to the extent it requested a hearing on Petitioner's procedurally defaulted claims raised under *Martinez v. Ryan*.[30]

On January 29, 2019, the Court called a status conference to discuss the status of the case.[31]  Considering Petitioner's counsel's representation that additional time was needed to investigate the case, the Court issued an Order staying the case.[32]

On February 25, 2019, Petitioner filed a "Motion for Leave to File Amendment to Petition for Habeas Corpus."[33]  Petitioner sought leave of Court to amend the habeas petition to raise four

---

[23] Rec. Doc. 45-1 at 1.

[24] Rec. Doc. 53.

[25] Rec. Doc. 60.

[26] Rec. Doc. 35.

[27] Rec. Doc. 35-2.

[28] Rec. Doc. 51.

[29] Rec. Doc. 61.

[30] Rec. Doc. 66.

[31] Rec. Doc. 90.

[32] Rec. Doc. 93.

[33] Rec. Doc. 94.

additional claims because new DNA testing allegedly revealed that blood recovered from the left Nike brand tennis shoe Arthur Darby was wearing on the night of the murders came from one of the victims, Greg Vickers.[34]

In the proposed amendment, Petitioner noted that he received leave of Court to conduct DNA testing of evidence retained by the Jefferson Parish Sheriff's Office Crime Lab.[35] Petitioner asserted that his counsel has received preliminary findings showing that there is a reasonable likelihood that the blood found on the left Nike brand tennis shoe Darby was wearing on the night of the murders came from one of the victims, Greg Vickers.[36] In light of this additional evidence, Petitioner sought leave of Court to amend the habeas petition to raise the following claims: (23) Petitioner is actually innocent of the murders of Gregory Vickers and Fergus Robinson; (24) both trial and post-conviction counsel were ineffective for failing to conduct DNA testing on the thread created by the JPSO Crime lab to preserve blood evidence recovered from Darby's left shoe; (25) the cumulative effects of the *Brady* evidence requires reversal; and (26) the cumulative error caused by ineffective assistance of counsel requires reversal.[37] Respondent opposed the motion.[38] On April 29, 2019, the Court granted the motion to amend.[39] On July 1, 2019, Respondent filed a response to the amended petition.[40]

---

[34] Rec. Doc. 94-4.

[35] Rec. Doc. 94-4 at 1.

[36] *Id.* at 2.

[37] *Id.* at 7–12, 14.

[38] Rec. Doc. 98.

[39] Rec. Doc. 104.

[40] Rec. Doc. 112.

On August 13, 2019, the Court called a status conference to discuss the status of the case.[41] During the status conference, the Court set the evidentiary hearing for January 21, 2020.[42] The Court also ordered that the evidentiary hearing would include claims involving new evidence asserted in the amended petition for habeas relief.[43]

On September 4, 2019, the Court granted a motion to substitute counsel filed by Respondent.[44] On October 29, 2019, the Court called another status conference for the parties to provide the Court with an update on the status of the case.[45] At that time, counsel for Respondent indicated that Respondent intended to file a motion to continue the evidentiary hearing.[46] On December 23, 2019, the Court granted a motion to continue filed by Respondent,[47] and set the evidentiary hearing for April 21, 2020.[48] On April 14, 2020, the Court continued the evidentiary hearing, given the current circumstances involving COVID-19.[49]

On March 5, 2020, Petitioner filed the instant Motion for Leave of Court to Depose the Respondent's Witnesses"[50] On March 9, 2020, Respondent filed an opposition to the motion.[51] On

---

[41] Rec. Doc. 119.

[42] *Id.*

[43] *Id.*

[44] Rec. Doc. 123.

[45] Rec. Doc. 126.

[46] *Id.*

[47] Rec. Doc. 138.

[48] Rec. Doc. 139.

[49] Rec. Doc. 156.

[50] Rec. Doc. 146.

[51] Rec. Doc. 147.

April 9, 2020, Petitioner with leave of Court, filed a reply brief in further support of the motion.[52]

## II. Parties' Arguments

### A.    *Petitioner's Arguments in Support of the Motion to Take Depositions*

Petitioner moves the Court, pursuant to Rules 6 and 11 of the Rules Governing Section 2254 Cases, 28 U.S.C. 2246 and Rules 26 and 30 of the Federal Rules of Civil Procedure, for leave to depose Respondent's witnesses prior to the scheduled evidentiary hearing.[53] Although discovery is ordinarily not allowed in habeas corpus cases, Petitioner notes that Rule 6(a) of the Rules Governing Section 2254 Proceedings provides that a party may conduct discovery if the judge, in the exercise of her discretion and for good cause shown, grants leave to do so.[54]

Petitioner notes that on July 1, 2019, Respondent filed an answer to the amended habeas petition, wherein Respondent represented that he had requested additional DNA testing from the Jefferson Parish Sheriff's Office crime lab for blood located on the shoes Petitioner was wearing on the night of the incident at question in these proceedings.[55] Petitioner submits that this evidence is not relevant for purposes of evaluating his claims for habeas relief because "a nondisclosure in a particular case must be viewed in light of what evidence was adduced at trial."[56] Petitioner notes that on July 8, 2019, Respondent filed a witness list identifying Pamela Williams, Elaine Schneida, Sarah Serou, and Tim Scanlan from the JPSO Crime Lab as potential witnesses.[57] Petitioner also notes that

---

[52] Rec. Doc. 154.

[53] Rec. Doc. 146 at 1.

[54] *Id.* at 2.

[55] *Id.* at 3 (citing Rec. Doc. 112 at 12).

[56] *Id.* (citing *Banks v. Thaler*, 583 F.3d 295, 321 (5th Cir. 2009)).

[57] *Id.* at 3–4 (citing Rec. Docs. 113, 125).

Respondent listed Christian Silbernagel, Arthur Darby, and Karen Darby as witnesses.[58] According to Petitioner, on March 3, 2020, counsel for Respondent informed Petitioner's counsel that Respondent plans to file an updated witness list to include Detective Steve Buras, Detective Michael Moscana, and Crime Scene Technician Richard Deauzat, the investigating officers in this case.[59]

Petitioner requests leave of Court to depose these witnesses.[60] "Petitioner avers that by deposing the Respondent's witnesses, both parties will be better positioned to argue the relevance of the Respondent's newly developed evidence through pre-hearing motions in limine."[61] Furthermore, Petitioner contends that allowing for depositions will benefit the parties because "the factual disputes and issues may be more fully joined to present at an evidentiary hearing."[62]

### B.    Respondent's Arguments in Opposition to the Motion to Depose Witnesses

In opposition, Respondent contends that the motion to depose witnesses should be denied because Petitioner has not established "good cause" to conduct such discovery, as required by Rule 6 of the Rules Governing Section 2254 Proceedings, and the request is unduly burdensome.[63]

Respondent argues that Petitioner's "conclusory assertions do not even attempt to justify the deposing of any particular witness, let alone all ten he has identified by name."[64] Furthermore, to the extent Petitioner cites "pre-hearing motions in limine" as justification for granting discovery,

---

[58] *Id.* at 4 (citing Rec. Docs. 113, 125).

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] *Id.*

[63] Rec. Doc. 149 at 2.

[64] *Id.* at 4.

Respondent contends that such a justification is not warranted because this matter is set for an evidentiary hearing, not a trial.[65] Respondent asserts that "[a]ny issue regarding the relevancy of evidence and its admissibility at the evidentiary hearing can and should be made at the evidentiary hearing itself, where the Court will be in the best position to evaluate the issue in light of the overall scope and context of the evidence adduced at the proceeding."[66] Therefore, Respondent asserts that Petitioner has not demonstrated that good cause exists to conduct such discovery.[67]

Additionally, Respondent argues that the discovery requested should be denied pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(i) because it would be unduly burdensome and unreasonably cumulative.[68] Respondent contends that Petitioner's "unwarranted discovery request would require the expenditure of time and resources to the detriment of preparations for and presentation at the evidentiary hearing itself."[69] Respondent asserts that Petitioner already has the benefit of the entire state court record, and Respondent has already voluntarily produced to Petitioner the results of the recent DNA testing performed at the request of Respondent.[70] Given this and in light of the fact that the evidentiary hearing is scheduled to begin in one month, Respondent argues that the requested discovery would be unreasonably burdensome, cumulative, and duplicative.[71] Respondent avers that any supplemental information Petitioner believes he is entitled to may be

---

[65] *Id.*

[66] *Id.* at 4–5.

[67] *Id.* at 5.

[68] *Id.* at 6.

[69] *Id.* at 7.

[70] *Id.*

[71] *Id.*

elicited at the evidentiary hearing in a more convenient and less burdensome manner.[72]

**C.      *Petitioner's Arguments in Further Support of the Motion to Take Depositions***

In reply, Petitioner asserts that by granting the evidentiary hearing the Court found good cause to develop the facts in support of Petitioner's claims.[73] Petitioner argues that deposing Respondent's witnesses will allow his counsel to prepare for a full and fair hearing, allow for a more efficient hearing, and conserve the Court's time.[74]

Petitioner states that he seeks leave of Court to conduct these depositions for two reasons: (1) Respondent has provided very little in the form of discovery regarding the content of the evidence it plans to present in rebuttal despite numerous inquiries from counsel and (2) Petitioner is seeking this discovery because it will assist the Court by significantly streamlining the evidentiary hearing.[75] According to Petitioner, "[i]n the past few months, the Respondent has performed an about-face in its theories."[76] Petitioner notes that Respondent initially claimed that Arthur Darby's presence at the scene of the offense does not undermine confidence in the guilt-phase verdict because it indicates only that Petitioner was a principal to his older brother and uncle's commission of first degree murder.[77] Now, Petitioner contends "Respondent has apparently taken an entirely different position: that the Jefferson Parish Sheriff's Office bungled the chain of custody and evidence collection so

---

[72] *Id.*

[73] Rec. Doc. 154 at 2.

[74] *Id.*

[75] *Id.* at 3–5.

[76] *Id.* at 3.

[77] *Id.*

badly that we cannot be sure who wore which clothing and shoes in evidence."[78] Furthermore, Petitioner asserts that Respondent has not provided any information regarding the scope or proposed content of some of their proposed witnesses' testimony.[79] Therefore, Petitioner argues that the proposed discovery should be allowed in order to streamline the issues before the evidentiary hearing.[80]

Petitioner states that he "seeks depositions to discover the particulars of the Respondent's rebuttal theory and, where necessary, argue via a pre-hearing written motion, that the new evidence, which was never presented to a jury, the Respondent is seeking to present is irrelevant to the Court's *Brady* analysis on habeas review."[81] Finally, Petitioner argues that "these depositions cannot be cumulative or duplicative, as [Petitioner] has no idea of the content of the testimony of many of the Respondent's witnesses," and "[n]o discovery has been conducted to date as to these witnesses."[82] As to "burden" and cost, Petitioner asserts that these routine depositions would not expend considerable resources, particularly when compared to a standard civil lawsuit.[83]

### III. Legal Standard

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."[84] Rule 6(a) of the Rules Governing Section 2254 Cases provides that

---

[78] *Id.*

[79] *Id.* at 4.

[80] *Id.* at 5.

[81] *Id.* at 6.

[82] *Id.*

[83] *Id.*

[84] *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

"[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "[F]ederal courts faced with habeas petitioners' discovery requests have, in some circumstances, a duty 'to provide the necessary facilities and procedures for an adequate inquiry.'"[85] "This is the case when 'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'"[86] This duty may be fulfilled by allowing the petitioner to conduct discovery as authorized under the Federal Rules of Civil Procedure or through an evidentiary hearing.[87]

## IV. Analysis

On August 28, 2017, the Court granted Petitioner's motion to the extent it requested a hearing on Petitioner's procedurally defaulted claims raised under *Martinez v. Ryan*.[88] On August 13, 2019, the Court ordered that the evidentiary hearing would include claims involving new evidence asserted in the amended petition for habeas relief.[89] The purpose of the evidentiary hearing is to develop the record on these claims, which were not raised before the state courts, to ensure that there are "sufficient facts before it to make an informed decision on" these claims.[90]

---

[85] *Murphy v. Davis*, 901 F.3d 578, 590 (5th Cir. 2018) (quoting *Gibbs v. Johnson*, 154 F.3d 253, 258 (5th Cir. 1998)).

[86] *Id.* (quoting *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000)).

[87] *See id. See also Blackledge v. Allison*, 431 U.S. 63, 81–82 (1977) ("[A]s is now expressly provided in the Rules Governing Habeas Corpus Cases, the district judge (or a magistrate to whom the case may be referred) may employ a variety of measures in an effort to avoid the need for an evidentiary hearing. Under Rule 6, a party may request and the judge may direct that discovery take place, and 'there may be instances in which discovery would be appropriate (before an evidentiary hearing, and would show such a hearing) to be unnecessary. . . .").

[88] Rec. Doc. 66.

[89] Rec. Doc. 119.

[90] *Murphy*, 901 F.3d at 590 (quoting *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir.1998)).

Now, more than four years after this case was filed and after significant resources have been expended in this case, Petitioner requests leave of Court to conduct extensive pre-hearing discovery. Specifically, Petitioner requests that the Court allow Petitioner to depose all of Respondent's witnesses. Petitioner has been on notice regarding the identity of Respondent's witnesses since July 2019.[91] Petitioner has not identified any evidence that could be obtained from these witnesses during depositions that could not be elicited during the evidentiary hearing. The purpose of the evidentiary hearing is to develop the record. Therefore, Petitioner has not shown that good cause exists to depose all of Respondent's witnesses in advance of the evidentiary hearing.

Nevertheless, the Court is cognizant of the importance of streamlining the issues for the evidentiary hearing and avoiding surprise or prejudice to either party. The discovery rules "are designed to narrow and clarify the issues and to give the parties mutual knowledge of all relevant facts, thereby preventing surprise."[92] To facilitate this objective and to help streamline the issues before the evidentiary hearing, the Court will issue a subsequent Order requiring the parties to confer and file a joint pre-hearing statement. This will ensure that the evidentiary hearing runs smoothly by providing notice to both parties of the expected evidence and testimony.

Accordingly,

---

[91] *See* Rec. Doc. 113. Updated on October 25, 2019. Rec. Doc. 125. To the extent Respondent has identified additional witnesses not listed in the witness lists provided to the Court, Respondent must request leave of Court to update the witness list and provide sufficient justification as to why these witnesses were not identified in the court-ordered witness lists.

[92] *Shelak v. White Motor Co*., 581 F.2d 1155, 1159 (5th Cir. 1978) (citing *Hickman v. Taylor*, 329 U.S. 495, (1947)).

**IT IS HEREBY ORDERED** that Petitioner's "Motion for Leave of Court to Depose the Respondent's Witnesses"[93] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 20th day of April, 2020.

<u>_Nannette Jolivette Brown_</u>
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[93] Rec. Doc. 146.