UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JARRELL NEAL** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 15-5390** |
| **DARREL VANNOY, WARDEN** | **SECTION: "G"(3)** |

### ORDER AND REASONS

Before the Court is a Motion to Declare Habeas Corpus Release Order Satisfied[1] filed by Respondent Darrel Vannoy in his capacity as Warden for the Louisiana State Penitentiary (herein referred to as the "State"). Petitioner Jarrell Neal ("Neal") opposes the motion.[2] For the reasons discussed in more detail below, the State's motion is premature. The State is essentially requesting that this Court issue a declaratory judgment finding that that the State has complied with this Court's habeas order. Ruling on this issue at this time would be akin to offering an advisory opinion. Therefore, having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion without prejudice as it is premature.

### I. Background

In 1999, Neal was convicted by a jury in the 24th Judicial District Court for the Parish of Jefferson of two counts of first-degree murder for the deaths of Greg Vickers and Fergus Robinson. Neal was sentenced to death on each count. In 2016, Neal filed a petition for habeas corpus relief

---

[1] Rec. Doc. 253.

[2] Rec. Doc. 255.

pursuant to 28 U.S.C. § 2254 in this Court.[3]

On May 20, 2022, the Court granted habeas relief on Neal's ineffective assistance of counsel claim.[4] This Court ordered the State to release Neal from custody or grant him a new trial within 120 days from the date of the Order.[5] On August 23, 2023, the United States Court of Appeals for the Fifth Circuit affirmed this Court's habeas order.[6] On October 23, 2023, the Fifth Circuit issued a final judgment and mandate.[7]

On October 12, 2023, Neal's conviction was vacated in state court, and the State dismissed the original first-degree murder indictment.[8] The same day, a grand jury in Jefferson Parish re-indicted Neal on two counts of second-degree murder for the deaths of Greg Vickers and Fergus Robinson.[9] Neal then appeared before a judge in the 24th Judicial District Court for the Parish of Jefferson and entered a plea of not guilty.[10] Neal's oral motion for bond was granted, and the state trial court set a bond in the amount of $300,000 as to each count.[11]

On October 26, 2023, the State filed the instant Motion to Declare Habeas Corpus Release

---

[3] Rec. Doc. 4.

[4] Rec. Docs. 227, 228.

[5] Rec. Docs. 227, 228.

[6] *Neal v. Vannoy*, 78 F.4th 775 (5th Cir. 2023).

[7] Rec. Doc. 251.

[8] Rec. Doc. 253-4.

[9] Rec. Doc. 253-5.

[10] Rec. Doc. 253-6.

[11] *Id.*

Order Satisfied.[12] On November 7, 2023, Neal filed an opposition to the motion.[13] On November 16, 2023, the State filed a reply brief in further support of the motion.[14]

## II. Parties' Arguments

### A. *The State's Arguments in Support of the Motion*

The State moves this Court to declare its Order granting habeas relief satisfied.[15] The State has dismissed the original capital first-degree murder indictment (24th Judicial District Court case no. 98-3238) and has reindicted Neal for second-degree murder (24th Judicial District Court case no. 23-4811).[16] Therefore, the State submits Neal has been released on the judgment for which this Court granted habeas corpus relief, this Court's habeas corpus order has been satisfied, and the State is not under a 120-day deadline to try Neal on the new indictment.[17]

In support of this argument, the State cites Supreme Court caselaw describing the scope of habeas corpus review being such that a habeas court "cannot revise the state court judgment; it can act only on the body of the petitioner,"[18] and Fifth Circuit caselaw recognizing that "[b]oth the historic nature of the writ and principles of federalism preclude a federal court's direct interference with a state court's conduct of state litigation."[19] The State also cites caselaw from other circuits,

---

[12] Rec. Doc. 253.

[13] Rec. Doc. 255.

[14] Rec. Doc. 259.

[15] Rec. Doc. 253.

[16] *Id.* at 2.

[17] *Id.*

[18] Rec. Doc. 253-1 at 2 (quoting *Fay v. Noia*, 372 U.S. 391, 431 (1963)).

[19] *Id.* (quoting *Woodfox v. Cain*, 789 F.3d 565, 569 (5th Cir. 2015)).

recognizing that a state may re-arrest and re-try a successful habeas petitioner, even after the petitioner's release is ordered by a federal court.[20]

The State argues it has satisfied this Court's habeas corpus orders in full.[21] The State points out it has dismissed the original first-degree murder indictment, resulting in Neal's release on the judgment of conviction.[22] Additionally, the State points out that Neal has been released on bond pending trial on the new second-degree murder indictment.[23] Neal has sought to re-open all previously litigated motions in state court, and the State does not oppose this request.[24] Therefore, the State argues Neal has been released from custody on the original conviction "for all legal and equitable purposes."[25] As such, the State contends it is entitled to a declaration that Neal has been released on the complained-of judgment but that such release does not prejudice the State's right to re-arrest and re-prosecute Neal.[26] Thus, the State submits this Court's habeas corpus order has been satisfied in full and the State is no longer under any sort of deadline from this Court.[27]

## B. *Neal's Arguments in Opposition to the Motion*

Neal opposes the motion because he argues the State has not satisfied its obligation to retry

---

[20] *Id.* at 3–6 (citing *Fisher v. Rose*, 757 F.2d 789 (6th Cir. 1985); *Harvest v. Castro*, 531 F.3d 737 (9th Cir. 2008); *Wolfe v. Clarke*, 718 F.3d 277, 288–89 (4th Cir. 2013); *Carter v. Rafferty*, 781 F.2d 993, 998 (3rd Cir. 1986)).

[21] *Id.* at 7.

[22] *Id.*

[23] *Id.* at 8.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 11.

[27] *Id.*

4

or release him within 120 days.[28] Neal asserts the State must still comply with the 120-day deadline, or it could seek to extend the deadline through a showing of good cause.[29] Neal submits "the State has taken the extreme and legally unsupported position that it has satisfied its obligation to retry or release Mr. Neal through its symbolic procedural maneuvers in state court, namely, obtaining a new indictment for a crime based on the same set of facts, based presumably on the same evidence. . . ."[30] Therefore, Neal argues the Court should deny the motion without prejudice to the State's ability to seek an extension of time within which to resolve Neal's case.[31]

According to Neal, the State's position "would effectively strip federal courts of their ability to grant conditional writs of habeas corpus."[32] Neal contends the State is seeking to "evade this Court's valid order by simply re-indicting on new charges arising out of the same incident and stamping on a new case number."[33] Neal asserts that granting the State's motion "would lead to absurd results whereby the prosecution would be able to avoid responsibility for complying with the federal court's order in any habeas case in which the writ has been granted."[34]

Although the State cites to some out of circuit cases holding that the government may satisfy a habeas writ order by symbolically re-indicting and re-arresting the petitioner, Neal points

---

[28] Rec. Doc. 255 at 1.

[29] *Id.*

[30] *Id.*

[31] *Id.* at 2.

[32] *Id.* at 5.

[33] *Id.*

[34] *Id.*

5

out that the State has cited no Supreme Court or Fifth Circuit jurisprudence reaching such a result.[35] Neal contends this case is similar to *Smith v. Lucas*, where the Fifth Circuit held that the State's failure to comply with the writ "allowed but one consequence . . . to issue the writ for Smith's immediate and unconditional release from his unconstitutional sentence."[36]

For these reasons, Neal asserts this Court should deny the State's motion without prejudice to either: (1) a motion by the State requesting an extension of the original 120-day period set by this Court or (2) a motion by Neal to convert the conditional writ to an unconditional writ.[37]

### C.  *The State's Arguments in Further Support of the Motion*

In reply, the State reiterates that Neal has been released from custody on the original conviction and is on bond awaiting trial for second-degree murder.[38] The State submits it has effectively released Neal, satisfying this Court's habeas orders in full.[39]

Responding to Neal's argument that the State's position would render federal habeas corpus relief toothless, the State points out that because of this Court's order Neal has been released from death row and is no longer being held under a first-degree murder conviction.[40] The State asserts this is the very opposite of toothless.[41] The State contends it is essentially only asking that

---

[35] *Id.* at 6.

[36] *Id.* at 7 (quoting *Smith v. Lucas*, 9 F.3d 359, 367 (5th Cir. 1993)).

[37] *Id.* at 10.

[38] Rec. Doc. 259 at 1.

[39] *Id.* at 2.

[40] *Id.* at 5.

[41] *Id.*

the retrial timeframes be governed by Louisiana law.[42] Finally, the State contends Neal "simply has no answer for the bulwark of jurisprudence holding that even if the State allows a habeas corpus deadline to lapse and a defendant is thus ordered released, that release does not prejudice the State's right to rearrest and re-prosecute him."[43] The State asserts that the foundation of this line of jurisprudence compels the appropriateness of its request.[44]

### III. Law and Analysis

On May 20, 2022, this Court ordered the State to release Neal from custody unless the State released Neal or granted him a new trial within 120 days from the date of the Order.[45] The May 20, 2022 Order is a "conditional" writ of habeas corpus. A conditional writ means that "the federal court has determined that it has the authority to order immediate release of the prisoner as a result of the federal law violation; the court chooses, however, to delay the writ to allow the state to correct the problem as best it can."[46] "Although the federal court, in doing so, may certainly suggest a corrective procedure in broad terms, the real thrust of the order is to alert the state court to the constitutional problem and notify it that the infirmity must be remedied."[47] "Conditional orders are essentially accommodations accorded to the state," but the state's failure to cure the error "justifies the [federal] district court's release of the petitioner."[48] A conditional writ order

---

[42] *Id.*

[43] *Id.* at 5–6.

[44] *Id.* at 6.

[45] Rec. Docs. 227, 228.

[46] *Smith v. Lucas*, 9 F.3d 359, 367 (5th Cir. 1993).

[47] *Id.*

[48] *Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind.*, 53 F.3d 859, 864-65 (7th Cir. 1995).

7

"lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life."[49]

Federal district courts have "broad discretion in conditioning a judgment granting habeas relief."[50] Nevertheless, the relief ordered must "be fitted between two principles underlying habeas corpus jurisprudence."[51] First, "[t]he court shall . . . dispose of the matter as law and justice require."[52] Second, "[b]oth the historic nature of the writ and principles of federalism preclude a federal court's direct interference with a state court's conduct of state litigation."[53] In accordance with those principles, "[o]ther than granting the writ of habeas corpus and imposing time limits in which the state must either release the petitioner or correct the problem, the precise remedy is generally left to the state."[54]

In response to this Court's order granting a conditional writ of habeas corpus, and the Fifth Circuit opinion affirming the same, Neal's conviction was vacated in state court, and the State dismissed the original first-degree murder indictment.[55] Rather than opting to retry Neal for first-degree murder, the State convened a grand jury, and on October 12, 2023, Neal was indicted of

---

[49] *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006).

[50] *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

[51] *Woodfox v. Cain*, 789 F.3d 565, 569 (5th Cir. 2015) (quoting *Henderson v. Frank*, 155 F.3d 159, 168 (3d Cir. 1998)).

[52] *Id.* (quoting 28 U.S.C. § 2243).

[53] *Id.* (quoting *Henderson*, 155 F.3d at 168).

[54] *Id.* (quoting Brian R. Means, Federal Habeas Manual § 13:4 at 1371 (2014)).

[55] Rec. Doc. 253-4.

two counts of second-degree murder for the deaths of Greg Vickers and Fergus Robinson.[56] The same day, Neal appeared before a judge in the 24th Judicial District Court for the Parish of Jefferson and entered a plea of not guilty.[57] Neal's oral motion for bond was granted, and the state trial court set a bond in the amount of $300,000 as to each count.[58] Neal met the requirements of his bond, and he was released from detention.

The State submits that it has complied with this Court's habeas order by releasing Neal from custody on the unconstitutional first-degree murder conviction. The State has not demonstrated that there is an issue in controversy that needs to be resolved by the Court at this time. Article III of the Constitution confines the jurisdiction of federal courts to "Cases" and "Controversies." The case or controversy requirement limits the role of the Federal Judiciary in our system of separated powers. As the Supreme Court has explained, "federal courts do not issue advisory opinions about the law."[59]

The State is essentially requesting that this Court issue a declaratory judgment finding that that the State has complied with this Court's habeas order. The State does not cite any authority supporting the position that this Court should issue an advisory opinion finding that the habeas judgment was "satisfied." In each of the cases cited, either the petitioner was moving for an order to convert a conditional writ to an unconditional writ, or the state was moving for an extension of time to comply with a conditional writ.[60] Federal courts must avoid "premature constitutional

---

[56] Rec. Doc. 253-5."405(g

[57] Rec. Doc. 253-6.

[58] *Id.*

[59] *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 378–79 (2024).

[60] *Woodfox v. Cain*, 789 F.3d 565 (5th Cir. 2015) (appellate review of district court order granted

9

adjudication,"[61] and the risk of rendering advisory opinions.[62] The State's request is premature and would arguably amount to an advisory opinion. Accordingly,

**IT IS HEREBY ORDERED** that the State's Motion to Declare Habeas Corpus Release Order Satisfied[63] is **DENIED WITHOUT PREJUDICE** as it is premature.

**NEW ORLEANS, LOUISIANA,** this 19th day of September, 2024.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

unconditional writ releasing the petitioner); *Wolfe v. Clarke*, 718 F.3d 277 (4th Cir. 2013) (appellate review of district court order granting the petitioner's motion to enforce judgment); *Eddleman v. McKee*, 586 F.3d 409 (6th Cir. 2009) (appellate review of district court order granting an unconditional writ and barring reprosecution); *Harvest v. Castro*, 531 F.3d 737 (9th Cir. 2008) (appellate review of district court order granting the state's application to amend writ to give the state more time to retry petitioner); *Moore v. Zant*, 972 F.2d 318 (11th Cir. 1992) (appellate review of district court order granting the state's motion to set new period for resentencing); *Carter v. Rafferty*, 781 F.2d 993 (3d Cir. 1986) (motion to vacate release order pending appeal)' *Fisher v. Rose*, 757 F.2d 789, 790 (6th Cir. 1985) (appellate review of district court order granting a motion sustaining the writ filed by the habeas petitioner).

[61] *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 306 (1979) (internal citation omitted).

[62] *Moore v. Sims*, 442 U.S. 415, 428 (1979).

[63] Rec. Doc. 253.